FILED

August 4 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0735

DA 14-0735

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 219N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BILLIE ERMAN DALLMAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-2014-84
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         David M. Maldonado, Stevenson Law Office, Missoula, Montana

      For Appellee:

         Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General, Helena, Montana

         William E. Fulbright, Ravalli County Attorney, Angela Wetzsteon, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:  June 24, 2015
Decided:  August 4, 2015

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Billie Dallman appeals from an order of the Twenty-First Judicial District, Ravalli County, denying his Motion to Suppress evidence related to a blood test taken after he was arrested for Driving While Under the Influence of Alcohol (DUI). We affirm.

¶3     The issue on appeal is whether the district court properly denied Dallman's motion to suppress the results of a blood test, taken with his consent, under § 61-8-402, MCA, after he refused a preliminary alcohol screening test under § 61-8-409, MCA.

¶4     The parties have stipulated to the material facts in this case. On March 30, 2014, at approximately 1:00 a.m., Ravalli County Sheriff Deputy Reichert observed a vehicle operated by Dallman drift over the white-dotted lane line three times, into the opposite lane twice with the driver's side tires, and across the double yellow lines while turning off the highway. Dallman does not dispute that Deputy Reichert had reasonable suspicion to stop his vehicle. Deputy Reichert conducted a roadside investigatory stop where Dallman admitted to drinking between four and five beers and a shot of whiskey at a bar in Florence. Deputy Reichart noticed an overwhelming odor of alcoholic beverage coming from Dallman's breath and observed Dallman's eyes to be bloodshot and glassy.

¶5     Based on observed indicators of impairment, the deputy asked Dallman to perform standardized field sobriety tests (SFSTs). Dallman performed poorly on the SFSTs. Upon

2

completion of the tests, Deputy Reichert read Dallman the PAST (Preliminary Alcohol Screening Test) advisory. This advisory informed Dallman that by operating a vehicle on public roads, he had given his implied consent to a preliminary breath test; that he had the right to refuse the test; and if he refused to provide a breath test, Dallman's driver's license would be suspended. Dallman refused the PAST test. Deputy Reichert stated that he would seize Dallman's license and that the State would be suspending Dallman's license based on his refusal. Dallman was placed under arrest for DUI and put in the back of Deputy Reichert's patrol car. Approximately ten minutes later, Deputy Reichert read Dallman the Montana Implied Consent Advisory pursuant to § 61-8-402, MCA, and requested Dallman submit to a blood test. Dallman consented and a blood sample was subsequently taken without a warrant.

¶6 On June 27, 2014, Dallman filed a motion to suppress the evidence related to the blood sample. The District Court denied the motion on August 19, 2014. Dallman appeals.

¶7 We review a district court's ruling on a motion to suppress evidence to determine whether the court's findings of fact are clearly erroneous and whether the court's interpretation and application of the law are correct. *Muir v. Bilderback*, 2015 MT 180, ¶ 9, 379 Mont. 459, ___ P.3d ___.

¶8 Dallman argues that the 2011 amendment to § 61-8-409(4), MCA, changed the procedural requirements during the course of a DUI investigation. He alleges that once he refused a preliminary alcohol screening test, the deputy was not allowed to request a blood sample under § 61-8-402, MCA, and that another test could not be given absent a warrant.

He argues that the blood test results should be suppressed based on the exclusionary rule and violation of the warrant requirement. We disagree.

¶9 We recently observed in *City of Missoula v. Armitage*, 2014 MT 274, ¶¶ 19-20, 376 Mont. 448, 335 P.3d 736, that state law provides for two separate tests to be given to persons suspected of driving under the influence. Section 61-8-409(1), MCA, provides that a preliminary alcohol screening of a person's breath may be administered during an investigative stop, based upon a particularized suspicion, for the purpose of estimating the person's blood alcohol concentration. If the PAST is refused, the person's driver's license may be administratively suspended for up to one year. Section 61-8-409(3), MCA. Once refused, a PAST may not be administered except under circumstances allowing the officer to apply for a warrant. Section 61-8-409(4), MCA. Dallman was advised accurately of these statutory provisions and Deputy Reichert's actions complied with the provisions of § 61-8-409(3), MCA.

¶10 Pursuant to § 61-8-402(1), (2), MCA, if a person suspected of driving under the influence is arrested, a breath or blood test may be given, based upon probable cause, for the purpose of determining the presence of alcohol or drugs in the person's body. Section 61-8-402(1), (2), MCA. If a person refuses to submit to a blood test, then the test may not be given absent a warrant. Section 61-8-402(4), (5), MCA.

¶11 Here, Dallman consented to a post-arrest blood test. Dallman does not claim that his consent was involuntary or coerced. Instead, Dallman maintains that the 2011 amendments to §§ 61-8-402 and 61-8-409, MCA, mandate that no blood test may be given absent a warrant, even where the arrestee consents to the blood test. Such an interpretation is illogical

4

and not supported by the clear language of the statute mandating a warrant be obtained only when the person has *refused* a test. There is nothing in the statutes that prohibits a deputy from requesting and obtaining consent to a post-arrest blood or breath sample. Moreover, *Armitage* makes clear that a PAST test and a post-arrest test are two separate processes and that refusal of a PAST test, as Dallman did, does not change the procedure to be followed pursuant to § 61-8-402, MCA, for a post-arrest test.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of relevant standards of review. The District Court's interpretation and application of the law were correct and its order denying Dallman's motion to suppress is affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER

5